## THE SANTA LUZIA.

(District Court, S. D. Florida.   October 7, 1921.)

### No. 1435.

Aliens ⟾36—Chinese must be brought into United States by vessel, to subject it to forfeiture.

    Under Chinese Exclusion Act, § 2 (Comp. St. § 4291), making it an offense for the master of any vessel to land, or attempt to land, or permit to be landed, any Chinese laborer from any port or place, and section 10 (section 4297), providing for forfeiture of a vessel whose master shall violate any of the provisions of the act, the master is not guilty unless the Chinamen were brought on the vessel within the territorial limits of the United States, and therefore the vessel could not be forfeited for bringing them to a point within 10 miles of the shore, from which point they were brought ashore by other means, though that fact might be sufficient if the government was proceeding under Act Feb. 5, 1917, which, however, by section 38 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼u), does not repeal, alter, or amend the Chinese Exclusion Laws.

In Admiralty.   Libel by the United States against the schooner Santa Luzia.   Exceptions sustained, and libel dismissed.

H. S. Phillips, of Tampa, Fla., U. S. Atty.
McNeill & Strum, of Jacksonville, Fla., for claimant.

CALL, District Judge. On August 30, 1921, libel was filed by the government against the schooner Santa Luzia, claiming a forfeiture, for that the master, Manuel Gaya, "brought and aided in bringing within the jurisdiction of this court, and within the Southern district of Florida," 10 Chinese laborers, on August 13th, and that said schooner is now within this jurisdiction, by this means, to wit, that said schooner having the Chinese laborers on board from the port of Havana, when about 10 miles off the coast of Florida, opposite Fernandina, permitted said Chinese laborers to leave said schooner with the intent that they should be landed in the United States.

To this libel exceptions were filed by claimants on several grounds. The grounds may be succinctly stated thus: That the libel does not show that the master of the schooner violated the Chinese Exclusion Act and the amendments thereto (Comp. St. § 4290 et seq.), under which it was filed. The vessel libeled in this case is a foreign ship.

Section 2 of the act, as amended (Comp. St. § 4291), reads as follows:

"That the master of any vessel who shall knowingly bring within the United States on such vessel, and land, or attempt to land, or permit to be landed any Chinese laborer, from any foreign port or place" shall be punished by a fine, etc.

Section 10 of this act (23 Stat. 115 [Comp. St. § 4297]), provides as follows:

"That every vessel whose master shall knowingly violate any of the provisions of this act shall be deemed forfeited to the United States," etc.

These sections of the Chinese Exclusion Act, as I understand the libel, constitute the law proceeded under for the forfeiture of the vessel. The Act of February 5, 1917, regulating immigration, in section 38 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼u), expressly provides that it shall not repeal, alter, or amend existing laws relating to the exclusion of Chinese persons, except as provided in section 19 of the act (section 4289¼jj), which has no bearing upon the question here involved.

It is contended for claimants that under section 2 of the act the Chinese must have been *knowingly brought within the United States on the vessel*; that the libel in this case fails to allege such fact, but, on the contrary, shows that the Chinamen were never brought within the United States on the vessel. The libel alleges that, while the vessel was approximately 10 miles off shore, opposite Fernandina, the master permitted the Chinamen to leave, whether in a small boat, other vessel, or how is not alleged.

It is contended for claimants and admitted by the government that the marine league from the shore is the limit of the jurisdiction of the court, so that the question is limited to:

"Must the master have knowingly brought the Chinese within this league on his vessel before he has committed the offense denounced in section 2 of the act for which his vessel may be forfeited?"

Taking the words of that section, and giving them the ordinary meaning, it seems to me that the construction proper to be placed upon

the section requires the master to have brought the Chinamen within the territorial limits of the United States before he could be guilty of landing or attempting to land such persons, for which act the vessel under section 10 could be forfeited.

The libel charges that the master brought and aided in bringing said persons within the United States. If the Government was proceeding under Act Feb. 5, 1917, such allegation might be sufficient for some purposes, but the provisions of section 38 of the act quoted above make it unnecessary to consider the effect of such allegation. The libel must stand or fall upon its allegations as tested by the Chinese Exclusion Act, under which forfeiture is sought. Tested by this last-mentioned act, the libel is amenable to the exceptions.

The exceptions will be sustained, and the libel dismissed.